# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 1, 2012 Session

## STATE OF TENNESSEE v. NATHANAEL LITTLE

**Appeal from the Circuit Court for Chester County**
**No. 11-CR-13    Donald H. Allen, Judge**

_____

**No. W2011-02199-CCA-R3-CD  - Filed May 28, 2013**

_____

JOSEPH M. TIPTON, P.J., concurring and dissenting.

I concur in the majority opinion's conclusion that the trial court did not err in refusing to hear the Defendant's suppression motion. I respectfully dissent, though, because I believe the trial court did not have sufficient evidence to support the conclusions regarding both full confinement and consecutive sentencing. I also believe the principles and purposes of the Sentencing Act were not best served by the sentence imposed.

With regard to the sentence to full confinement, the trial court was influenced by the Defendant's years of marijuana use and his admission of selling marijuana. Unquestionably, the proof reflected that the Defendant sold marijuana, that he was a long-time marijuana user, and that he had previous convictions as a young man for DUI and contributing to the delinquency of a minor. However, the trial court also relied upon the Defendant's South Carolina arrest and the accompanying unproven charge as criminal behavior in denying an alternative sentence and imposing full confinement.

I am wary of using information regarding chronic drug use gathered during a presentence investigation, which is statutorily required as part of the sentencing process, to support a more severe punishment for a defendant who cooperated with the presentence investigator by providing the requested, truthful information. "This information is sought in the presentence report for the purpose of fashioning an individualized sentence under sentencing guidelines, not for purposes of gathering incriminating information." *State v. Paul Neil Laurent*, No. M2005-00289-CCA-R3-CD, dissenting slip op. at 1 (Tenn. Crim. App. Feb. 27, 2006) (Hayes, J., dissenting) (disapproving of the use of a defendant's admissions during the presentence investigation to alcohol and drug abuse to impose consecutive sentencing on the basis of extensive criminal activity), *perm. app. denied* (Tenn.

Aug. 21, 2006). As Judge Hayes observed in his dissent in *Paul Neil Laurent*, the use of increased sanctions based upon a defendant's admissions is counterproductive because it "discourages truthfulness and is inconsistent with the purposes of the pre-sentence report." *Id.*

The trial court relied on the Defendant's admitted long-term marijuana use to conclude that the Defendant could not be rehabilitated and could not abide by the terms of probation. The Defendant said his daily marijuana usage was driven by addiction. The record is devoid of any evidence the Defendant had ever been in a drug treatment program, and the court's assumption that the Defendant could not refrain from using drugs is not justified to deny an alternative sentence.

The trial court also relied on the need to avoid depreciating the seriousness of the offense as a basis for imposing incarceration. The court said that granting probation for selling drugs would send the wrong message to the community. I note that our legislature has not excluded any of the crimes of which the Defendant was convicted from alternative sentencing.

The Sentencing Act provides that in the absence of evidence to the contrary, a defendant who has been convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing. *See* T.C.A. § 40-35-102(6)(A) (2010). I believe that the State has not shown that the Defendant has an extensive history of criminal activity or past failure of rehabilitation such that a sentence of full incarceration is warranted. *See id.* § 40-35-102(5). I note the Defendant's community support, his recognition of his financial obligations to repay his student loans and pay the fines associated with the convictions, his securing a job as a waiter after losing his counseling job, his willingness to work second and third jobs if necessary, his continuing to be the sole support for his wife and child after his arrest, his accepting responsibility for his actions, and his expressed intent to live a productive life. The Defendant testified at the sentencing hearing that he had already served forty to forty-five days in jail.

Although I disagree with the majority's conclusion that the trial court did not abuse its discretion in imposing full confinement, I agree that some confinement was appropriate. The Defendant possessed almost one pound of marijuana, much more than the threshold amount required for his felony convictions. I believe a sentence of 120 days' jail service, followed by community corrections, is appropriate. The evidence reflects that the Defendant is the type of offender for whom the community corrections program is designed. *See* T.C.A. § 40-36-104 (2010) (listing the goals of the community corrections program).

As for consecutive sentences, the record fails to support a conclusion that the Defendant had an extensive history of selling marijuana. Although the Defendant admitted selling marijuana on occasion, his *extensive* history was of using marijuana, which he admitted and asserted was an addiction. Use of this for consecutive sentencing concerns me in two ways: (1) the use of the Defendant's self-reporting for the presentence report purposes and (2) the precedent for stacking sentences because of addictive drug use.

For the reasons I stated previously, I believe a Defendant's statements to a probation officer preparing a presentence report should not be used as a basis for imposing an increased or more restrictive sentence. I believe, as well, that using a defendant's drug addiction to justify consecutive sentences on the basis of extensive criminal activity unfairly and excessively punishes a defendant for conduct that is the product of the addiction. Imposing lengthy sentences upon drug-addicted individuals is not the least severe measure needed to achieve the purpose of the sentence imposed. *See* T.C.A. § 40-35-103(4) (2010). I note, as well, that merely imposing consecutive sentences on the basis of addiction-driven behavior fails to take into account a defendant's potential for rehabilitation. *See id.* § 40-35-103(5). I would sentence the Defendant to concurrent sentences, for an effective two-year sentence.

For these reasons, I dissent from the majority's conclusion that the trial court did not abuse its discretion in imposing full confinement and consecutive sentences.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE